UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23910-BLOOM/ Otazo-Reyes

DARBRA JENKINS,

    Plaintiff,

v.

MIAMI DADE COUNTY, *et al.*,

    Defendants.
_____/

**ORDER ON MOTION TO FILE AMENDED COMPLAINT**

**THIS CAUSE** is before the Court upon Plaintiff Darbra Jenkins's Motion to Amend the Complaint, ECF No. [48] ("Motion"), filed on May 8, 2023. Miami-Dade County filed its Response in Opposition, ECF No. [50], to which Plaintiff filed a Reply, ECF No. [51]. The Court has carefully considered the Motion, the Response, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I.     BACKGROUND**

On November 30, 2022, Plaintiff initiated this action against Defendants, asserting two counts in the Complaint: violation of the Pregnancy Discrimination Act of 1978 ("PDA") as incorporated into Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(k), ("Count I"), and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Count II"). ECF No. [1]. On February 7, 2023, Defendant filed its first Motion to Dismiss. The Court granted the Motion to Dismiss at a Hearing on March 20, 2023, and granted leave for Plaintiff to file an Amended Complaint. *See* ECF No. [39].

Plaintiff filed her Amended Complaint on April 10, 2023. Therein Plaintiff again asserts two counts: violation of the PDA as incorporated into Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e(k), ("Count I"), and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Count II"). ECF No. [45]. On April 24, 2023, Defendant filed its Second Motion to Dismiss, ECF No. [46].

On May 8, 2023, Plaintiff filed the instant Motion seeking leave to file a Second Amended Complaint. ECF No. [48]. Plaintiff argues that good cause exists to grant Plaintiff leave to amend because "Plaintiff seeks to include new allegations stemming from retaliatory actions taken against Plaintiff that occurred after the filing of her Amended Complaint." *Id*. at 4. Defendant responds that Plaintiff lacks good cause to file a Second Amended Complaint. *See generally* ECF No. [50].

## II.   LEGAL STANDARD

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* A plaintiff should be afforded the opportunity to test its claim on the merits as long as the underlying facts or circumstances may properly warrant relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[a] district court need not ... allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman*, 371 U.S. at 182.

A scheduling order may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When, as here, a motion to amend is filed after a scheduling order

deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998); *see also Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [we] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment). Accordingly, when a motion for leave to amend a pleading is filed after the deadline set in a court's scheduling order, the court employs a two-step analysis. *Sosa*, 133 F.3d. at 1419. First, the movant must demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure. Good cause exists when the deadline could not "be met despite the diligence of the party seeking the extension." *Id.* at 1418 (quoting Fed. R. Civ. P. 16 advisory committee note). Courts consider three factors in assessing diligence: (1) whether the movant failed to ascertain facts prior to filing the pleading or failed to acquire information during the discovery period, (2) whether the information supporting the proposed amendment was available to the movant, and (3) whether the movant delayed in requesting leave to amend even after acquiring the information. *See id.* at 1419. If the movant demonstrates good cause, the court proceeds to determine whether an amendment to the pleadings is proper under Rule 15(a) of the Federal Rules of Civil Procedure. *Id.* But, if the party seeking relief "was not diligent, the [good cause] inquiry should end." *Sosa*, 133 F.3d at 1418 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

### III.    DISCUSSION

Upon review, Plaintiff has shown the good cause necessary to justify granting leave to amend after expiration of the deadline for leave to amend set in the Court's Scheduling Order.

Plaintiff contends that good cause exists to grant leave to amend because she "seeks to include new allegations stemming from retaliatory actions taken against Plaintiff that occurred

after the filing of her Amended Complaint." ECF No. [48] at 4. Defendant responds that Plaintiff has not explained why she waited until after the April 30, 2023, deadline to file amended pleadings to move to include the alleged retaliatory actions that allegedly occurred in April 2023. ECF No. [50] at 2-3. Defendant further argues that the proposed Second Amended Complaint does not contain factual allegations that permit Defendant to discern how the new allegations relate back to the original dispute.

Plaintiff has demonstrated good cause to grant leave to amend. The proposed Second Amended Complaint, ECF No. [48-1] alleges that the most recent alleged retaliatory activity occurred on April 26, 2023. *Id*. ¶ 44. The same paragraph indicates that Plaintiff was denied leave in retaliation for engaging in protected activity, including brining informal complaints regarding unlawful employment practices and EEO complaints. *Id*. Plaintiff submitted the instant Motion on May 8, 2023. The Court does not view the twelve-day intervening period as an undue delay in requesting leave to amend. The Court certainly recognizes that, following oral argument, Plaintiff was previously granted leave to amend. Moreover, a second round of briefing has taken place regarding the Defendant's pending Motion to Dismiss. However, given the stated date of the alleged retaliatory event and the claims asserted in the proposed Amended Complaint, fairness and judicial economy dictate permitting one last opportunity to amend.

### IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [48]**, is **GRANTED**. Plaintiff shall separately refile her Second Amended Complaint **on or before June 12, 2023**. *See* Fla. S.D. L.R. 15.1.

Case No. 22-cv-23910-BLOOM/ Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 7, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record