UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23910-BLOOM/ Otazo-Reyes

DARBRA JENKINS,

    Plaintiff,

v.

MIAMI DADE COUNTY, *et al.*,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Miami-Dade County's Motion to Dismiss Second Amended Complaint, ECF No. [58] ("Motion"), filed on July 13, 2023. Plaintiff Darbra Jenkins filed her Response in Opposition, ECF No. [59], to which Defendant filed a Reply, ECF No. [62]. The Court has carefully considered the Motion, the Response, the Reply, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied in part.

### I.    BACKGROUND

On November 30, 2022, Plaintiff initiated this action against Defendants, asserting two counts in the Complaint: violation of the Pregnancy Discrimination Act of 1978 ("PDA") as incorporated into Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(k), ("Count I"), and Retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Count II"). ECF No. [1]. On February 7, 2023, Defendant filed its first Motion to Dismiss. The Court granted the Motion to Dismiss at a March 20, 2023 hearing and granted leave for Plaintiff to file an Amended Complaint. *See* ECF No. [39].

Plaintiff filed her Amended Complaint on April 10, 2023. Therein Plaintiff again asserted two counts: violation of the PDA as incorporated into Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(k), ("Count I"), and Retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Count II"). ECF No. [45]. On April 24, 2023, Defendant filed its Second Motion to Dismiss, ECF No. [46]. On May 8, 2023, Plaintiff filed a Motion seeking leave to file a Second Amended Complaint, ECF No. [48], which the Court granted, ECF No. [52].

On June 9, 2023, Plaintiff filed her Second Amended Complaint ("SAC") again asserting two counts: violation of the PDA ("Count I"), and Retaliation in violation of Title VII of the Civil Rights Act of 1964, U.S.C. §§ 2000(e), et. seq. ("Count II"). ECF No. [53]. Defendant brought the instant Motion to Dismiss the SAC on July 13, 2023, arguing that (1) the SAC violates the pleading rules and does not state a plausible claim; (2) Count I fails to state a claim under Title VII as amended by the PDA; and (3) Count II for Retaliation also fails. *See generally* ECF No. [58]. Plaintiff filed a Response in which she asserts that (1) the SAC does not violate the pleading rules; (2) Plaintiff sufficiently states a claim for pregnancy discrimination; and (3) Plaintiff's claim for retaliation sufficiently states a claim. *See generally* ECF No. [59]. Defendant filed a Reply in support of its Motion. ECF No. [62].

**II.     LEGAL STANDARD**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

### III.  DISCUSSION

As stated above, Defendant argues that the SAC must be dismissed because it does not comply with the pleading requirements or state a plausible claim for violation of the PDA or retaliation. *See* ECF No. [58]. Defendant argues that dismissal should be with prejudice "in light of the prior opportunities [to amend] granted by the Court." *Id*. at 6. Plaintiff responds that the "Motion to Dismiss should be denied in its entirety as Plaintiff's SAC sufficiently alleged all the required elements for a Title VII 'harassment based on sex' claim and sufficiently alleged all the required elements for a Title VII retaliation claim." ECF No. [59] at 14. The Court addresses each count separately and whether the allegations are sufficient to set forth a plausible claim.

### A. Count I: Violation of PDA

Defendant argues that "Count I fails to allege sufficient facts to set forth a viable Title VII claim under the Pregnancy Discrimination Act because the SAC fails to allege a viable discrimination claim." ECF No. [58] at 5. Plaintiff responds that the "SAC clearly alleges that she was subjected to discrimination on the basis of her medical conditions related to childbirth." ECF No. [59] at 7.

To state a claim for pregnancy discrimination, a plaintiff must allege that "(1) she is a member of a protected class; (2) she was subjected to adverse employment action; (3) her employer treated similarly situated [] employees [not belonging to the class] more favorably; and (4) she was qualified to do the job." *McCann v. Tillman*, 526 F.3d 1370, 1373 (11th Cir. 2008) (citing *EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1286 (11th Cir. 2000)).

In the SAC, Plaintiff alleges that she is female, and a member of a protected class. ECF No. [53] ¶ 19. She asserts that her supervisors precluded her "from breastfeeding and forced her to take leave because of her sex, female, as manifested by her pregnancy, childbirth, and related medical conditions." *Id*. ¶ 56. The SAC also includes allegations that "Plaintiff was qualified to perform the essential functions of her job" and that she "was treated less favorably . . . than similarly situated individuals outside her protected class, female employees who did not experience a pregnancy, childbirth, and/or related medical conditions." *Id*. ¶¶ 48, 53.

Defendant contends that these allegations do not satisfy the pleading requirements because "the PDA does not have an affirmative accommodation obligation nor is the denial of an accommodation an adverse employment action." ECF No. [58] at 5. In support of that position, Defendant cites to *Jeudy v. Attorney Gen., Dept. of Justice*, 482 F. App'x 517 (11th Cir. 2012). In that case, the Eleventh Circuit considered whether the district court properly granted summary

judgment in favor of a defendant accused of race and sex discrimination where plaintiff alleged that defendant failed to accommodate her pregnancy and terminated her. *Id*. at 520. The Eleventh Circuit held that there was "no error in the district court's conclusion that the denial of [plaintiff's] request for an accommodation could not be considered a materially adverse employment action, which required [plaintiff] to establish a *serious and material* change in the terms, conditions, or privileges of employment, as viewed by a reasonable person under the circumstances." *Id*. at 521 (internal quotation marks and citation omitted). Defendant also cites to this Court's prior decision in *Ifill v. European Wax Ctr., Inc.*, in which the Court dismissed a PDA claim because the second amended complaint "contain[ed] no factual allegations regarding similarly situated employees or the way in which they were treated." No. 18-CV-61929, 2019 WL 1993004, at *4 (S.D. Fla. May 6, 2019). Defendant argues that the lack of factual allegations in the instant Complaint is similar to the lack of factual allegations the Court had before it in *Ifill*.

Plaintiff does not attempt to distinguish either of the cases cited by Defendant, and instead relies on *Young v. United Parcel Serv., Inc.*, 575 U.S. 206 (2015) to support her argument that she sufficiently alleged that she was subjected to an adverse employment action. In *Young*, the Supreme Court explained that "a plaintiff alleging that the denial of an accommodation constituted disparate treatment under the Pregnancy Discrimination Act's second clause may make out a prima facie case by showing . . . that she belongs to the protected class, that she sought accommodation, that the employer did not accommodate her, and that the employer did accommodate others 'similar in their ability or inability to work.'" *Id*. at 229.

Defendant replies that the Supreme Court in *Young* "did not accept the employee's conception of the PDA as providing some sort of special obligation relating to pregnant employees." ECF No. [62] at 4. Defendant is correct. In *Young*, the Supreme Court agreed with

5

the defendant, saying "[w]e doubt that Congress intended to grant pregnant workers an unconditional most-favored nation status." *Young*, 575 U.S. at 222. The Court explained that the second clause of the PDA "does not say that the employer must treat pregnant employees the 'same' as '*any* other persons' (who are similar in their ability or inability to work), nor does it otherwise specify *which* other persons Congress had in mind." *Id*. (emphasis in original).

Here, Plaintiff's allegations fall short of the pleading requirements. Her allegation that she was precluded from breastfeeding and forced to take leave does not amount to an adverse employment action because, as the Eleventh Circuit explained in *Jeudy*, a failure to accommodate a pregnancy related condition does not constitute a serious and material change to the terms, conditions, or privileges of employment. 482 F. App'x at 521. Plaintiff's Complaint does not include allegations that a similarly situated employee, rather than just other female employees, were treated differently. Plaintiff's Complaint therefore fails to state a claim under the PDA.

The Court also recognizes that this is the third time Plaintiff has failed to state a claim as to Count I. As such, Plaintiff is incapable of litigating her claim for discrimination under the PDA. *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1262-63 (11th Cir. 2004). Count I is therefore dismissed with prejudice.

### B. Count II: Retaliation in Violation of Title VII

Defendant argues that Plaintiff's claim for retaliation fails for the same reason – "denial of an accommodation is not an adverse employment action." ECF No. [58] at 5. Plaintiff responds that she alleged that she "suffered adverse employment actions as Defendant denied Plaintiff the ability to take breastfeeding/lactation breaks and forced Plaintiff to take leave, resulting in Plaintiff losing all seniority and being reclassified as a less senior employee." ECF No. [59] at 11-12.

In general, an employer may not retaliate against an employee because the employee has

opposed an unlawful employment practice. *EEOC v. Total Sys. Serv., Inc.,* 221 F.3d 1171, 1174 (11th Cir.2000); 42 U.S.C. § 2000e–3(a). The opposition clause provides, in relevant part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e–3(a). "A prima facie case of retaliation under Title VII requires the plaintiff to show that: (1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action." *Crawford v. Carroll,* 529 F.3d 961, 970 (11th Cir. 2008). The plaintiff "must 'carry the initial burden under the statute of establishing a prima facie case.'" *Brush v. Sears Holdings Corp.,* 466 F. App'x 781, 785-86 (11th Cir.2012) (quoting *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973)).

"However, as explained in *Swierkiewicz v. Sorema*, *N.A.*, 534 U.S. 506, 511 (2002), a plaintiff need not satisfy the *McDonnell Douglas* framework at the pleading stage in order to state a discrimination or retaliation claim." *Zachary v. Comprehensive Health Mgmt., Inc.*, No. 8:12-CV-530-T-33AEP, 2012 WL 3264899, at *2 (M.D. Fla. Aug. 9, 2012). Nevertheless, "the ordinary rules for assessing the sufficiency of the complaint [still] apply." *Swierkiewicz*, 534 U.S. at 511; *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008), *abrogated on other grounds by Twombly*, 550 U.S. 544 (2007) ("Although a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case, it must provide enough factual matter (taken as true) to suggest intentional race discrimination."). "*McDonnell Douglas*'s burden-shifting framework is an evidentiary standard, not a pleading requirement." *Surtain v. Hamlin Terrance Found.*, 789 F3d 1239, 1246 (11th Cir. 2015). This is because

"[b]efore discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case. . . . Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases." *Swierkiewicz*, 534 U.S. at 511.

Here, Defendant has challenged the sufficiency of Plaintiff's pleading regarding the second element – that Plaintiff has not alleged she suffered an adverse employment action. "[M]istreatment based on retaliation for protected conduct—for example, making or supporting a charge of discrimination—is actionable whether or not the mistreatment rises to the level of a tangible employment action, but only if the mistreatment 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 861 (11th Cir. 2020) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

Here, Plaintiff alleged that she "undertook protected conduct when she filed her charge of discrimination with the EEOC on or about April 30, 2021, on or about August 17, 2021, Plaintiff filed an inquiry with the EEOC, and, on or about October 2, 2022, Plaintiff filed an appeal with the EEOC." ECF No. [53] ¶ 61. Plaintiff further alleges that she "suffered material adverse employment actions, as outlined in paragraphs 30, 38-40, and 44" that "would deter a reasonable employee from engaging in protected activity." *Id.* ¶ 62. The adverse employment actions outlined in those paragraphs include experiencing health conditions, going from a Step 2 employee to a Step 1 employee, losing seniority, and being denied a leave request because she had not worked the minimum 1,250 hours needed to be eligible for leave. *Id.* ¶¶ 30, 38-40, and 44.

Defendant's Motion cites only *Jeudy* in support of its argument that the denial of an accommodation was not an adverse employment action. The Court has already agreed with

Defendant that the Eleventh Circuit has found that failure to grant a pregnancy related accommodation request to permit her to take specifically scheduled breast feeding breaks is not "a materially adverse employment action, which required [plaintiff] to establish a *serious and material* change in the terms, conditions, or privileges of employment, as viewed by a reasonable person under the circumstances." *Jeudy*, 482 F. App'x at 521 (internal quotation marks and citation omitted). However, Defendant has not addressed the sufficiency of the allegation that Defendant retaliated by having Plaintiff return from her FMLA leave in a less senior position than she held before her leave and by denying her request for FMLA leave in 2023.

Plaintiff argues that she "has provided sufficient evidence that Defendants knew of the protected activity and there was close temporal proximity between this awareness and the adverse employment actions." ECF No. [59] at 12.

In its Reply, Defendant argues for the first time that "there is no allegation that the Defendant's employees knew of the Plaintiff's EEOC Charge" or the subsequent inquiry or appeal to the EEOC. ECF No. [62] at 8. Defendant cites no authority to suggest that such an allegation is necessary, especially where Plaintiff has plainly alleged that she suffered adverse employment actions that would deter a reasonable employee from engaging in protected activity "[a]s a direct and proximate result of participating in protected activity[.]" ECF No. [53] ¶ 62.

Defendant further contends that one of the complained of retaliatory actions alleged in the Complaint is belied by an e-mail exchange. *See* ECF No. [62] at 8-9. Specifically, Defendant argues that the complained of April 2023 denial of eligibility for FMLA leave alleged in ¶ 44 of the SAC is controverted by evidence central to the Complaint. *Id*. Defendant attached to its Reply an e-mail exchange between Plaintiff and Defendant regarding the FMLA request. Defendant contends that the email exchange is properly considered as central to the claim and that it "cannot

be seriously questioned that the e-mail exchange is authentic." ECF No. [62] at 9 n.2. Despite its centrality, the Court declines to consider the attached evidence improperly presented for the first time in Reply. *See Herring v. Secretary, Dep't of Corrs.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court." (internal quotation marks and citations omitted; alteration adopted)).

Even if the Court were to consider the evidence and find that Plaintiff had not alleged a retaliation claim based on the denial of FMLA leave, Defendant has not carried its burden at the motion to dismiss stage. Defendant has not provided authority to demonstrate that having Plaintiff return from her FMLA leave in a less senior position than she held before her leave is not sufficient treatment based on retaliation to dissuade a reasonable worker from making or supporting a charge of discrimination. *See Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) ("Where a defendant seeking dismissal of a complaint under Rule 12(b)(6) does not provide legal authority in support of its arguments, it has failed to satisfy its burden of establishing its entitlement to dismissal.").

Accordingly, the Court will not dismiss Count II.

### IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows

1. Defendant's Motion to Dismiss, **ECF No. [58]**, is **GRANTED IN PART AND DENIED IN PART**.

2. Count I of the SAC, **ECF No. [53]**, is **DISMISSED WITH PREJUDICE**.

3. Defendant shall file its Answer to the Second Amended Complaint on or before **September 6, 2023**.

Case No. 22-cv-23910-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 24, 2023.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record